**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Lisa Reed and Mary McDowell, On behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>Advocate Health Care; Children's Memorial Hospital; Evanston Northwestern Healthcare; Resurrection Health Care; University of Chicago Hospitals,<br><br>    Defendants. | Civil Action No. 07-mc-00450-RMU |
| Wendy Fleischman and Cindy Cullen, On behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>Albany Medical Center; Ellis Hospital; Northeast Health; Seton Health System; St. Peter's Health Care Service,<br><br>    Defendants. | Civil Action No. 07-mc-00451-RJL |
| Pat Cason-Merendo and Jeffrey A. Suhre, On behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>Detroit Medical Center; Henry Ford Health System; Mount Clemens General Hospital, Inc.; St. John Health; Oakwood Healthcare Inc.; Bon Secours Cottage Health Services;<br><br>William Beaumont Hospital d.b.a. Beaumont Hospitals; Trinity Health Corp.,<br><br>    Defendants. | Civil Action No. 07-mc-00452-EGS |

Suzanne C. Clarke and Conise Dillard, On behalf of
themselves and all others similarly situated,

                    Plaintiffs,

          v.

Baptist Memorial Healthcare Corporation and
Methodist Healthcare,

                    Defendants.

Civil Action No. 07-mc-00463-RMU

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH SUBPOENAS DIRECTED AT
## THE MINTZ GROUP

Plaintiffs respectfully submit the attached supplemental authority in support of their motion to quash the non-party subpoenas directed at the Mintz Group. *See* Exhibit A, Memorandum-Decision and Order of United States Magistrate Judge David R. Homer, *Fleischman v. Albany Medical Center*, No. 06-cv-00765 (N.D.N.Y.) (March 25, 2008).

In *Fleischman*, one of the underlying nurse compensation litigations that led to the subpoenas, Defendants sought to compel production of documents created by the Mintz Group, an investigative firm hired in anticipation of these litigations. The information contained in the Mintz documents at issue in *Fleischman* is the same information at the heart of this Motion. The Court in *Fleischman* rejected Defendants' effort, noting that the information sought fell "within the scope of the work product doctrine" and that Defendants had not "offered any basis for finding either substantial burden or undue hardship." Ex. A at p. 11. The Court noted that in *Reed*, another one of the nurse compensation cases, Judge Grady reached the same conclusion after considering almost identical facts. *See* Exhibit 1 to Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Quash Subpoenas Directed at the Mintz Group. Thus, both Courts that have considered this issue in the context of a complete record have rejected Defendants' efforts to obtain Plaintiffs' work product.[1]

---

[1] Plaintiffs note Defendants did not file an objection to Magistrate Homer's Order and the time to file any such objection has passed.

2

Dated: April 15, 2008

Respectfully submitted,

/s/ Charles E. Tompkins
Michael D. Hausfeld
Daniel A. Small
Charles E. Tompkins
Shelly L. Friedland
Kalpana Kotagal
Sharon K. Robertson
COHEN MILSTEIN HAUSFELD & TOLL,
P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, D.C. 20005
Tel:  202-408-4600
Fax:  202-408-4699

David P. Dean
Mary Joyce Carlson
JAMES & HOFFMAN
1101 17th Street, NW, Suite 510
Washington, D.C. 20036-4748
Tel:  202-496-0500
Fax:  202-496-0555

Fredrick P. Furth
Jennifer Marlowe
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
Tel:  415-433-2070
Fax:  415-982-2076

Arnold Levin
Charles Schaffer
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Tel:  215-592-1500
Fax:  215-592-4663

Daniel E. Gustafson
Brian Williams
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Tel:  612-333-8844
Fax:  612-339-6622

Mark Griffin
Raymond J. Farrow
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel:  206-623-1900
Fax:  206-623-3384

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of April 2008, I served the foregoing upon the following via electronic mail or U.S. mail:

| | |
|---|---|
| Brian M. Culnan<br>Robert H. Iseman<br>John F. Queenan<br>ISEMAN, CUNNINGHAM LAW FIRM<br>9 Thurlow Terrace<br>Albany, NY 12203<br>518-462-3000<br>518-462-4199 (fax)<br>BCulnan@icrh.com<br>riseman@icrh.com<br>jqueenan@icrh.com | Nicholas J. D'Ambrosio, Jr.<br>BOND, SCHOENECK LAW FIRM<br>111 Washington Avenue<br>Albany, NY 12210-2280<br>518-533-3000<br>518-533-3299 (fax)<br>dambron@bsk.com |
| Louis P. Gabel<br>Michael R. Shumaker<br>Robert C. Jones<br>Stephen J. Squeri<br>Phillip A. Proger<br>JONES, DAY LAW FIRM - DC OFFICE<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20005-2088<br>202-879-3939<br>202-626-1700 (fax)<br>lpgabel@jonesday.com<br>mrshumaker@jonesday.com<br>rcjones@jonesday.com<br>sjsqueri@jonesday.com<br>paproger@jonesday.com | Daniel J. Hurteau<br>NIXON, PEABODY LAW FIRM<br>Omni Plaza, Suite 900<br>30 South Pearl Street<br>Albany, NY 12207<br>518-427-2650<br>518-427-2666 (fax)<br>DHurteau@nixonpeabody.com |
| Michael D. Kendall<br>David Marx<br>MCDERMOTT, WILL LAW FIRM<br>28 State Street<br>Boston, MA 02109-1775<br>617-535-4000<br>617-535-3800 (fax)<br>mkendall@mwe.com<br>dmarx@mwe.com | Gordon L. Lang<br>NIXON, PEABODY LAW FIRM - DC OFFICE<br>401 9th Street, N.W.<br>Suite 900<br>Washington, DC 20004<br>202-585-8319<br>202-585-8080 (fax)<br>glang@nixonpeabody.com |

| | |
|---|---|
| David P. Jaqua<br>Amy Pepke<br>BUTLER SNOW O'MARA STEVENS &<br>CANADA, PLLC<br>6075 Poplar Ave.<br>Ste. 500<br>P.O. Box 171443<br>Memphis, TN 38187-1443<br>901-680-7343<br>901-680-7201 (fax)<br>david.jaqua@butlersnow.com<br>Amy.pepke@butlersnow.com | Mark Thomas<br>WILSON, ELSER LAW FIRM<br>677 Broadway - 9th Floor<br>Albany, NY 12207-2996<br>518-449-8893<br>518-449-4292 (fax)<br>Mark.Thomas@wilsonelser.com |
| April J. Tabor<br>MCDERMOTT, WILL LAW FIRM<br>340 Madison Avenue<br>New York, NY 10017<br>212-547-5691<br>212-547-5444 (fax)<br>atabor@mwe.com | Richard L. Weisz<br>HODGSON, RUSS LAW FIRM<br>677 Broadway<br>Suite 301<br>Albany, NY 12207<br>518-465-2333<br>518-465-1567 (fax)<br>rweisz@hodgsonruss.com |
| Robert E. Bloch<br>MAYER, BROWN, ROWE & MAW LLP<br>1909 K Street, NW<br>Washington, DC 20006<br>(202) 263-3203<br>courtnotification@mayerbrown.com | James J. Calder<br>KATTEN MUCHIN ROSENMAN LLP<br>575 Madison Avenue<br>New York, NY 10022-2585<br>(212) 940-6460 |
| Amy J. Carletti<br>David L. Hanselman, Jr.<br>Stephanie Lynne Poulos<br>Jennifer A Smulin<br>Stephen Yusheng Wu<br>Benjamin J. Hanauer<br>MCDERMOTT, WILL & EMERY LLP<br>227 West Monroe Street  #4400<br>Chicago, IL 60606-5096<br>(312) 372-2000<br>acarletti@mwe.com<br>spoulos@mwe.com<br>jsmulin@mwe.com<br>swu@mwe.com<br>bhanauer@mwe.com<br>dhanselman@mwe.com | Richard Lewis Reinish<br>Peter Brian See<br>Scott Andrew Schaefers<br>Annette Tyman<br>Kirsten Kelly Wendela<br>Scott A. Carlson<br>Timothy F. Haley<br>Molly M. Joyce<br>SEYFARTH SHAW LLP<br>131 South Dearborn Street<br>Suite 2400<br>Chicago, IL 60603-5577<br>(312) 460-5000<br>(312) 460-7000 (fax)<br>scarlson@seyfarth.com<br>thaley@seyfarth.com<br>mjoyce@seyfarth.com<br>rreinish@seyfarth.com<br>bsee@seyfarth.com<br>sschaefers@seyfarth.com<br>atyman@seyfarth.com<br>kwendela@seyfarth.com |

| | |
|---|---|
| Anthony Thomas Eliseuson<br>Lisa Zachary Fain<br>Robert Thomas Joseph<br>Christopher Qualley King<br>Richard L. Marcus<br>Natalie J. Spears<br>Margo L. Weinstein<br>SONNENSCHEIN, NATH &<br>ROSENTHAL, LLP<br>233 South Wacker Drive<br>7800 Sears Tower<br>Chicago, IL 60606<br>(312)876-8000<br>aeliseuson@sonnenschein.com<br>lfain@sonnenschein.com<br>rjoseph@sonnenschein.com<br>cking@sonnenschein.com<br>rmarcus@sonnenschein.com<br>nspears@sonnenschein.com<br>mweinstein@sonnenschein.com | David H. Kistenbroker<br>Laura Keidan Martin<br>David S. Slovick<br>Martin T. Tully<br>KATTEN MUCHIN ROSENMAN LLP<br>525 West Monroe Street<br>Suite 1600<br>Chicago, IL 60661<br>(312) 902-5200<br>david.kistenbroker@kattenlaw.com<br>Laura.martin@kattenlaw.com<br>David.Slovick@kattenlaw.com<br>Martin.tully@kattenlaw.com |
| Edward W. Feldman<br>Diane Frances Klotnia<br>Michael L. Shakman<br>Thomas M. Staunton<br>MILLER SHAKMAN & BEEM LLP<br>180 North LaSalle Street<br>Suite 3600<br>Chicago, IL 60601<br>(312) 263-3700<br>(312) 263-3270 (fax)<br>efeldman@millershakman.com<br>dklotnia@millershakman.com<br>mlshak@aol.com<br>tstaunton@millershakman.com | David A. Hardesty<br>Thomas M. J. Hathaway<br>Paul F. Novak<br>CLARK HILL<br>500 Woodward Avenue<br>Suite 3500<br>Detroit, MI 48226-3435<br>313-965-8363<br>dhardesty@clarkhill.com<br>Pnovak@clarkhill.com<br>thathaway@clarkhill.com |
| Jonathan Lawrence Lewis<br>Andrew Stanley Marovitz<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>(312) 782-0600<br>courtnotification@mayerbrown.com<br>courtnotification@mayerbrownrowe.com | David B. Gunsberg<br>322 N. Old Woodward Avenue<br>Suite 200<br>Birmingham, MI 48009<br>248-646-9090<br>davidgunsberg@hotmail.com |

| | |
|---|---|
| Michelle R. Heikka<br>Kenneth J. McIntyre<br>L. Pahl Zinn<br>DICKINSON WRIGHT<br>500 Woodward Avenue<br>Suite 4000<br>Detroit, MI 48226-3425<br>313-223-3500<br>mheikka@dickinsonwright.com<br>kmcintyre@dicksinwright.com<br>pzinn@dickinsonwright.com | Sandra D. Hauser<br>Robert N. Potter<br>SONNENSCHEIN, NATH, &<br>ROSENTHAL LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>212-768-6700<br>212-768-6800 (fax)<br>shauser@sonnenschein.com<br>rpotter@sonnenschein.com |
| Fred K. Herrmann<br>KERR, RUSSELL, AND WEBER PLC<br>500 Woodward Avenue<br>Suite 2500<br>Detroit, MI 48226-3406<br>313-961-0200<br>fkh@krwlaw.com | Howard B. Iwrey<br>DYKEMA GOSSETT<br>39577 Woodward Avenue<br>Suite 300<br>Bloomfield Hills, MI 48304-2820<br>248-203-0526<br>248-203-0763 (fax)<br>hiwrey@dykema.com |
| Sheldon H. Klein<br>Mark T. Nelson<br>Bruce L. Sendek<br>William B. Slowey<br>Michael R. Turco<br>BUTZEL LONG (DETROIT)<br>150 W. Jefferson<br>Suite 900<br>Detroit, MI 48226-4430<br>313-225-7000<br>klein@butzel.com<br>sendek@butzel.com<br>slowey@butzel.com<br>turco@butzel.com<br>nelson@butzel.com | Shari Ross Lahlou<br>Bethany M. Wimsatt<br>CROWELL & MORING<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2595<br>202-624-2500<br>slahlou@crowell.com<br>bwimsatt@crowell.com |
| Jill L. Marr<br>HONIGMAN MILLER SCHWARTZ &<br>COHN LLP<br>660 Woodward Avenue<br>Suite 2290<br>Detroit, MI 48226-3506<br>313-465-7000<br>313-465-8000 (fax)<br>jmarr@honigman.com | Terrence J. Miglio<br>Jonathon A. Rabin<br>Mark S. Wilkinson<br>KELLER THOMA<br>440 E. Congress<br>5th Floor<br>Detroit, MI 48226-2918<br>313-965-7610<br>tjm@kellerthoma.com<br>jar@kellerthoma.com<br>msw@kellerthoma.com |

| | |
|---|---|
| James D. Wilson<br>HARRIS SHELTON DUNLAP COBB &<br>RYDER<br>One Commerce Square<br>Ste. 2700<br>Memphis, TN 38103<br>901-525-1455<br>jwilson@harrisshelton.com | Robert F. Leibenloft<br>Corey W. Roush<br>Mitchell E. Zamoff<br>HOGAN & HARTSON LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>CWRoush@HHLAW.com<br>RFLeibenluft@HHLAW.com<br>MEZamoff@HHLAW.com |

/s/ Charles E. Tompkins

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WENDY FLEISCHMAN and CINDY
CULLEN,

                Plaintiffs,

     v.

ALBANY MEDICAL CENTER; ELLIS
HOSPITAL; NORTHEAST HEALTH;
SETON HEALTH SYSTEM; and ST.
PETER'S HEALTH CARE SERVICE,

              Defendants.

No. 06-CV-765
(TJM/DRH)

---

**APPEARANCES:**

COHEN MILSTEIN HAUSFELD
   & TOLL, PLLC
Attorneys for Plaintiffs
Suite 500, West Tower
1100 New York Avenue, N.W.
Washington, D.C. 20005

JAMES & HOFFMAN, P.C.
Attorneys for Plaintiffs
Suite 510
1101 Seventeenth Street, N.W.
Washington, D.C. 20036-4748

McDERMOTT WILL & EMERY
Attorneys for Defendant Albany
   Medical Center
 340 Madison Avenue
New York, New York 10173

HODGSON RUSS L.L.P.
Attorneys for Defendant Albany
   Medical Center
Suite 301
667 Broadway
Albany, New York 12207

**OF COUNSEL:**

CHARLES E. TOMPKINS, IV, ESQ.
DANIEL A. SMALL, ESQ.
KALPANA KOTAGAL, ESQ.

DAVID P. DEAN, ESQ.

DAVID MARX, ESQ.
APRIL J. TABOR, ESQ.
MICHAEL D. KENDALL, ESQ.

RICHARD L. WEISZ, ESQ.

BOND, SCHOENECK & KING, PLLC          NICHOLAS J. D'AMBROSIO, JR. ESQ.
Attorneys for Defendant Ellis Hospital
111 Washington Avenue
Albany, New York 12210-2280

NIXON PEABODY LLP                     DANIEL J. HURTEAU, ESQ.
Attorneys for Defendant Northeast Health    GORDON L. LANG, ESQ.
Suite 900
Omni Plaza
30 South Pearl Street
Albany, New York 12207

JONES DAY                             LOUIS P. GABEL, ESQ.
Attorneys for Defendant Seton Health    MICHAEL R. SHUMAKER, ESQ.
   System
51 Louisiana Avenue, N.W.
Washington, D.C. 20005-2088

WILSON ELSER MOSKOWITZ                 MARK THOMAS, ESQ.
   EDELMAN & DICKER LLP
Attorneys for Defendant Seton Health
   System
667 Broadway - 9th Floor
Albany, New York 12207-2996

ISEMAN, CUNNINGHAM, RIESTER           ROBERT H. ISEMAN, ESQ.
   & HYDE, LLP                        BRIAN M. CULNAN, ESQ.
Attorneys for Defendant St. Peter's    JOHN F. QUEENAN, ESQ.
   Health Care Service
9 Thurlow Terrace
Albany, New York 12203

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

Presently pending is the motion of defendant Albany Medical Center ("AMC")

pursuant to Fed. R. Civ. P. 37(a) for an order compelling plaintiffs Wendy Fleischman and

2

Cindy Cullen ("plaintiffs")[1] to (1) produce certain documents as to which plaintiffs have asserted the protection of the work product doctrine, and (2) refrain from instructing certain non-parties to assert that protection in response to AMC's subpoenas for records. Docket No. 132. Plaintiffs oppose the motion. Docket No. 134. For the reasons which follow, AMC's motion is denied.

## I. Background

In July 2004, the Service Employees International Union ("SEIU"), a national union which includes registered nurses (RNs) among its members, received a draft article by Prof. Barbara Bergmann ("Bergmann"), an economist, which argued that nurses' wages had likely been depressed in metropolitan areas as the result of collusion by hospitals in those areas. Carlson Decl. (Docket No. 134, pt. 2) at ¶ 6. In November 2004 and June 2005, SEIU engaged Bergmann to support anticipated litigation alleging collusion by hospitals in metropolitan areas in nurses' wages. Id. at ¶ 13. On February 4, 2005, SEIU retained the law firm of James & Hoffman, P.C. ("J & H") to oversee the investigation of possible antitrust litigation against hospitals. Id. at ¶ 9. In October 2005, J & H in turn retained the Mintz Group, an investigative firm, on behalf of SEIU to assist J & H in overseeing the possible litigation. Id.[2] at ¶ 14. The Mintz Group proceeded to conduct interviews of present and former nursing employees, produce reports and notes of those

---

[1] In the original complaint in this action, the sole named plaintiff was Marjory Unger. Docket No. 1. The second amended complaint substituted the present plaintiffs for Ms. Unger, who was then terminated from the action. Docket No. 116.

[2] The formal agreement was not signed, however, until February 2006. Carlson Decl. at ¶ 14 & Ex. 8.

interviews, and provide those documents to J & H.

On May 10, 2006, a retainer agreement was executed between J & H and the original plaintiff in this case, Marjory Unger.  Pls. Supplemental Privilege Log (Docket No. 132, Ex. 4), No. 40; see also note 1 supra.  The original complaint in this action was filed on June 20, 2006.  Docket No. 1.  Retainer agreements between the law firm of Cohen Milstein Hausfeld & Toll, PLLC ("CMHT"), also counsel of record for plaintiffs in this action, and the currently named plaintiffs were signed on November 14 and December 6, 2006. Docket No. 132, Exs. 26 & 27.

The prior named plaintiff and the current plaintiffs are all RNs.  The two currently named plaintiffs have been employed by two of the defendant hospitals for at least the past ten years.  Second Am. Compl. (Docket No. 114) at ¶ 7, 8.  On behalf of a putative class of similarly employed RNs, plaintiffs allege that from 2003 to 2006, the defendants, five Albany-area hospitals, conspired to limit the compensation paid to RNs employed by the hospitals and to exchange information regarding that compensation in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.  Id. at ¶¶ 37-52.[3]  The action is supported in this and the other districts by the SEIU.  See, e.g., Carlson Decl.  Plaintiffs' motion for class certification in this action is presently pending.  Docket No. 185.

During discovery, AMC served discovery demands and subpoenas on plaintiffs and on SEIU, Bergman, and the Mintz Group.  See, e.g., Docket No. 132, Exs. 4, 6-10.  In response to the document demands, plaintiffs and the three non-parties identified

---

[3]Four parallel actions have also been commenced by other RNs against hospitals in Chicago, San Antonio, Memphis, and Detroit.  See AMC Br. (Docket No. 132, pt. 1) at 1 n.1.

4

approximately 3,352 pages of materials that were responsive to AMC's demands,

produced approximately 482 of those pages, and served privilege logs describing the

remainder but withheld those pages from production as protected by the work product

doctrine.[4]  AMC Mem. of Law at 2.  This motion followed.

## II. Discussion

AMC contends that the documents in question are not protected by the work

product doctrine because (1) the documents were not prepared in anticipation of litigation

and (2) SEIU is not a party and, therefore, cannot claim the protection of the doctrine.

Plaintiffs contend that the doctrine applies because the documents fall within the confines

of Fed. R. Civ. P. 26(b)(3) and AMC has not demonstrated that an exception to the

doctrine applies.

In Hickman v. Taylor, 329 U.S. 495 (1947), the Supreme Court gave rise to the

work product doctrine codified in Rule 26(b)(3), which states in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise
> discoverable . . . and prepared in anticipation of litigation or for trial by or for
> another party or by or for that other party's representative . . . only upon a
> showing that the party seeking discovery has substantial need of the
> materials in the preparation of his case and that he is unable without undue
> hardship to obtain the substantial equivalent of the materials by other
> means.  In ordering discovery of such materials when the required showing
> has been made, the court shall protect against disclosure of the mental
> impressions, conclusions, opinions, or legal theories of an attorney or other
> representative of a party concerning the litigation.

--------------------------------------------

[4]AMC notes, without dispute, that by comparison, in response to plaintiffs' "broad"
discovery demands, "[e]ach Defendant is producing tens of thousands of documents (both
paper and electronically-stored) at a cost of hundreds of thousands of dollars."  AMC
Mem. of Law at 2.

The limited protection afforded by this rule serves to prevent exploitation of the efforts of another party in preparing for litigation and to permit a party to prepare for trial without fear that its thought processes will be disclosed to another party. See United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998). Material falls within the scope of the work product doctrine if it satisfies three criteria. First, the material must be a document or tangible thing. Second, it must have been prepared in anticipation of litigation. Third, it must have been prepared by or for a party or its representative. See In re Grand Jury Subpoenas Dated Mar. 19, 2002, 318 F.3d 378, 383 (2d Cir. 2003); Retail Brand Alliance, Inc. v. Factory Mut. Ins. Co., No. 05 Civ. 1031(RJH)(HBP), 2008 WL 622810, at *3 (S.D.N.Y. Mar. 7, 2008)..

Documents are created in anticipation of litigation where, "in light of the nature of the document and the factual situation . . . , the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Adlman, 134 F.3d at 1202 (citations omitted) (emphasis in original). The prospect of "'litigation must at least be a real possibility . . . [meaning] the document must be prepared with an eye to some specific litigation.'" In re Pfohl Bros. Landfill Litig., 175 F.R.D. 18, 27 (W.D.N.Y. 1997) (quoting James Julian, Inc. v. Raytheon Co., 93 F.R.D. 138, 143 (D. Del. 1982)). Therefore, "[t]he mere fact that a document is prepared before litigation actually commences does not preclude a finding that it constitutes work product" because, if a pre-litigation investigation supports a party's suspicions, litigation becomes virtually inevitable and "the fact that the [party] could not know who would sue based on what theory d[oes] not matter." James Julian, Inc., 93 F.R.D. at 143 (citing In re Grand Jury Investigation, 599 F.2d 1224, 1229 (3d Cir. 1979).

6

Additionally, a document that is created "because of the prospect of litigation . . . does not lose protection . . . merely because it is created in order to assist with a business decision." Id. However, "documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation" are not afforded any work product protection. Id. To assess the intent behind the document's creation, a court must "consider whether there existed any reasons other than the anticipation of litigation for generating the materials" and, if so, "whether the[] documents would have been created in substantially similar form based on this non-litigation purpose." Allied Irish Banks v. Bank of Am., 240 F.R.D. 96, 106-07 (S.D.N.Y. 2007) (denying work product protection to a report prepared in response to a corporate theft because the report was primarily prepared to alleviate "critical public accountability concerns" and act "as a corporate management tool, not as a mechanism to assist in expected litigation.").

Even if a document qualifies for work product protection, "[t]he . . . court can then assess whether the party seeking discovery has made an adequate showing of substantial need . . . and an inability to obtain [the document's] contents elsewhere without undue hardship." Adlman, 134 F.3d at 1202-03. However, in the case of opinion work product representing "the mental impressions, conclusions, opinions or legal theories of an attorney or other representative," the party seeking discovery is held to a "heightened standard." Id. at 1204 & n.7.

Here, the materials sought by AMC fall into four categories: (1) the pre-litigation economic analysis, (2) the consultative remarks of Bergmann, (3) the factual analysis performed by the Mintz Group assessing witnesses' knowledge and credibility, and (4) correspondence between J & H and the SEIU research department. There is no

dispute that the documents in contention are tangible, which satisfy the first element of Rule 26(b)(3).

However, AMC contends that the pre-litigation report, Bergmann's comments, subsequent investigation, and support staff correspondence all fail to qualify as documents prepared in contemplation of litigation. As noted, the fact that documents are created prior to the commencement of litigation does not remove them from the scope of the work product doctrine as long as there existed an actual potential of an ensuing legal proceeding. Where, as here, wage-fixing antitrust violations were suspected, there is "no effective way for a victim to retain counsel prior to the onset of the investigation . . ." because the individual often does not realize that he or she has been injured. Docket No. 186, Ex. D, pt. G at 40. Thus, a detailed investigation must be undertaken to determine if evidence of violations exists and, if so, to identify which individuals qualify as class members because even though plaintiffs' counsel may know that a putative class exists, he or she "may not know the precise contours of it." Id.

The putative class here was "in existence from the moment the law firm[] began [its] investigation . . . ." Id. at 44-45. While J & H identified a putative class, however, they were unaware of its precise dimensions. Thus, J & H undertook the pre-litigation investigation. From the outset, the prospect of litigation was apparent and appears to have constituted the sole reason for the pre-litigation investigations and analyses. Each of the categories of documents in dispute here was an integral part of researching, organizing, and executing a litigation strategy. Therefore, the documents generated in the course of these preliminary actions undertaken by plaintiffs' counsel and their retained representatives were created to determine and benefit the putative class in the anticipated litigation.

8

Moreover, as noted, these documents were created solely for litigation purposes. The express language of each retainer agreement specified that the purpose of the retention and subsequent research was to pursue multiple class action suits. See Docket No. 165, pts. 7-10. The language of each retainer agreement indicated the precise expectations for each consultant. The pre-litigation report, consultative remarks of Bergmann, and the Mintz Group investigation stated that these individuals and entities were retained to assist J & H in preparing for litigation by gathering evidence (1) for class action lawsuits and (2) to provide legal advice to SEIU as a third-party payer.

Additionally, even though there was no retainer agreement between J & H and the SEIU development staff, it is clear that the correspondence between them was directly related to the anticipated litigation. The correspondence concerned use of the database to assist with the on-going investigation. Thus, this correspondence as well evidences a litigation purpose, was not prepared in the ordinary course of business, and would not have been created but for the anticipated class action lawsuits.

AMC also contends that the documents at issue fall outside the scope of the work product doctrine because they were drafted for and on behalf of a non-party. SEIU is not a party to the present action. However, the retainer agreements made clear that the consultants were being retained for litigation purposes and being supervised by J & H. See Docket No. 165, pt. 7 (retention letter for pre-litigation report authored by and written on J & H stationery and providing that "the portion of your services directed to litigation support services will be provided under the direction and control of SEIU and SEIU's outside counsel . . . , [J & H]."); Docket No. 165, pt. 9 (final retention agreement with Bergmann using same language); Docket No. 165, pt. 10 (final retention agreement with the Mintz Group stating that "J & H retained [the Mintz Group] to provide investigative

9

services to assist J & H in rendering legal advice . . . and also in anticipation of class

action litigations . . . ."); Docket No 165, pt. 11 (funding agreement between J & H and

SEIU stating that J & H "commenced investigations . . . us[ing] the results of such

investigations to bring a series of [law]suits . . ." and that SEIU "would be walled off from

any confidential information . . . , would not make any demands on [J & H] concerning the

litigations or . . . interfere with [J & H] . . ." and the class action).

Moreover, mentioning SEIU in a retainer agreement does not obviate the protection

of the doctrine.  Rule 26(b)(3) does not state that a party's representative must be acting

solely on behalf of a party or refrain from associating with any third-parties.  Even if that

were the case, the documents here were created for J & H and SEIU's involvement was

merely that of a third-party payer without any access to the information that was generated

by the investigations.  Docket No. 165, pt. 11.  Since J & H is acting as plaintiffs' counsel,

the requirements of the doctrine have been satisfied because the investigations and

reports were made on behalf and under the direction of the putative class' agents and not

the SEIU.[5]

The same conclusion was reached by a court in a parallel action in the Northern

District of Illinois.[6]  The defendant hospitals sought similar discovery in that case, plaintiffs

declined production under the work product doctrine, the hospitals moved to compel

production, and the court denied the motion.  In doing so, the court held that the work

---

[5] SEIU's status as a non-party to this action affords no alternate source for discovery of otherwise protected documents.  "If a document is protected by the work product privilege, it is protected in any litigation . . . [and is undiscoverable] by both the direct and indirect routes . . . ."  Goodyear Tire & Rubber, Co. v. Chiles Power Supply, Inc., 190 F.R.D. 532, 538 (S.D. Ind. 1999).

[6] See note 3 supra.

10

product doctrine protects documents where there was "lawyer involvement in an investigation in anticipation of litigation which results in litigation by or on behalf of the persons whose interests were sought to be promoted in the anticipated litigation." Reed v. Advocate Health Care, No. 06 C 3337 (N.D. Ill. decided Nov. 14, 2007) at Docket No. 186, Ex. E, Ex. 1 at 34.

Thus, the documents at issue all fall within the scope of the work product doctrine. AMC has not offered any basis for finding either substantial burden or undue hardship.[7] Accordingly, AMC's motion is denied.

### III. Conclusion

For the reasons stated above, it is hereby **ORDERED** that AMC's motion for an order to compel (Docket Nos. 132) and to prohibit plaintiffs from advising certain non-parties to assert the protection of the work product doctrine is **DENIED**.

**IT IS SO ORDERED.**

DATE: March 25, 2008
        Albany, New York

_David R. Homer_
United States Magistrate Judge

---

[7] Defendants have been provided with the names and contact information for potential class members and remain free to conduct interviews of those individuals as was done by the Mintz Group. See Docket No. 186, Ex. D, pt. G at 46. In these circumstances, requiring plaintiffs to disclose their reports of those interviews as well as the analyses of those interviews by the Mintz Group, Bergmann, and others would directly impair the purpose served by the work product doctrine.

11